IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISRAEL WEST, | : | CIVIL ACTION NO. **1:12-CV-1564** |
| | : | |
| Plaintiff | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| PHILIP ROBERSON, et al., | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

## I.      BACKGROUND.

On August 10, 2012, Plaintiff, formerly an inmate at York County Prison ("YCP"), York, Pennsylvania, and formerly at SCI-Camp Hill, and currently an inmate at SCI-Cresson, Cresson, Pennsylvania,[1] filed, *pro se*, this instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff's original Complaint consisted of 5-handwritten pages. Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). Plaintiff named the following ten (10) Defendants in his original Complaint: County of York, Commonwealth of Pennsylvania; York County Prison; Mary Sabol, Warden; Michael Bouno, Deputy Warden; Claire Doll, Deputy Warden; Mr. McCoy, Facility Manager of YCP; PrimeCare Medical; Dr. Philip Robertson; Toby Catone, Physician's Assistant ("PA"); and Erik Von Keil, Physician's Assistant. (Doc. 1, pp. 1-3).

In his original Complaint, Plaintiff averred that on March 11, 2012, he slipped and fell in an area located near the showers at YCP, and injured his back as a result. (Doc. 1, p. 3). He alleged that after his fall, he was moved to the medical unit and received an x-ray, but received

_____

[1] *See* Doc. 13.

no other treatment or medication, and was returned to the general population at YCP on March 15, 2012. (*Id.*). Later, on March 18, 2012, Plaintiff was seen by Defendant Catone who allegedly informed Plaintiff that she forgot to prescribe him pain medication that he should have been taking. (Doc. 1, p. 3).

On April 12, 2012, Plaintiff received a response to a grievance he filed regarding his slip and fall, and in this response, Defendants Doll and McCoy "informed [Plaintiff] that his fall was due to [YCP's] shower spraying water beyond shower area onto the floor." (*Id.*). On April 18, 2012, Plaintiff averred Defendant Von Keil informed him that he may have been suffering from a herniated disc due to his fall; however, Plaintiff stated no follow-up medical care was provided. (Doc. 1, p. 4).

On April 20, 2012, Plaintiff alleged that after his legs gave out due to back pain while going down a flight of prison stairs, he fell. Plaintiff stated that he was taken to York County Hospital, where he received a recommendation that he see a spine specialist; however, Plaintiff averred that Defendants failed to act on this recommendation. (*Id.*).

On May 2, 2012, Defendant Dr. Robertson informed Plaintiff that he had been scheduled for an MRI, but Plaintiff alleged he never received the MRI. (*Id.*).

On June 12, 2012, Plaintiff was transferred to SCI-Camp Hill, where a prison physician stated that Plaintiff was most likely suffering a chronic back condition due to two herniated discs, and placed Plaintiff on two different types of medication. (*Id.*). Plaintiff also averred that the prison physician SCI-Camp Hill placed him on bottom bunk status and imposed work and sports restrictions on him.

Plaintiff concluded his statement of claim in his original Complaint by alleging that he had no medical problems prior to his confinement at YCP, and he "now has continued pain and suffering and disabilities which effect his daily life activities." (*Id.*).

Based on these facts, Plaintiff asserted Eighth Amendment denial of medical care and conditions of confinement claims as well as a state tort law negligence claim for failing to provide him with a safe environment and failing to provide him with proper medical care against the ten (10) Defendants. (*Id.*, p. 5). Plaintiff only specifically mentioned Defendants Doll, McCoy, Catone, Von Keil and Roberston in his statement of claim section of his original Complaint. Plaintiff indicated that he exhausted his administrative remedies at YCP regarding his claims.[2] (*Id.*, p. 2).

As relief, Plaintiff only requested monetary damages against Defendants. (*Id.*, p. 5). Plaintiff did not state if he sued the state actors Defendants in both their individual and/or official capacities. (*Id.*, pp. 2-3). However, we previously stated that Plaintiff could only seek monetary

---

[2]Thus, Plaintiff indicated in his Complaint that he filed a grievances at YCP regarding his instant claims and that he exhausted his administrative remedies. Plaintiff must exhaust all of his YCP available administrative remedies with respect to each of his claims prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* However, Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

damages from the state actor Defendants in their individual capacities.[3]

On August 20, 2012, Plaintiff filed a Motion for Appointment of Counsel (Doc. 7), which we denied in an Order dated August 27, 2012. (Doc. 8).

The Court has jurisdiction over Plaintiff's §1983 civil rights action pursuant to 28 U.S.C. §1331 and §1343(a). We then screened Plaintiff's Complaint as we are obliged to do in accordance with the Prison Litigation Reform Act of 1995[4] (the "PLRA").

On September 14, 2012, we issued a Report and Recommendation ("R&R") in we recommend that:

1. The Court dismiss **WITH PREJUDICE** Plaintiff's claims for monetary damages against Defendants in their official capacities;

2. The Court **DISMISS WITHOUT PREJUDICE** Defendant County of York, Defendant Warden Sabol, and Defendant Deputy Warden Bouno with respect to Plaintiff's denial of proper medical care claim;

---

[3]As stated, Plaintiff did not indicate if he sought money damages from Defendants in both their individual and official capacities. To the extent that Plaintiff sought monetary damages from Defendants, he could only sue the state actor Defendants in their individual or personal capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential). Thus, we recommended that Plaintiff's claims for monetary damages against Defendants in their official capacities be dismissed with prejudice. Based upon well-settled case law, we found that the Court should not allow Plaintiff to amend his Complaint with respect to his damages claims against Defendants in their official capacities since we found it would be futile. *See Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp.2d 672, 696 (W.D. Pa. 2009).

[4]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

3. The Court **DISMISS WITH PREJUDICE** Plaintiff's state law negligence claim against all Defendants;

4. The Court **DISMISS WITH PREJUDICE** Defendant Doll and Defendant McCoy;

5. The Court **DISMISS WITH PREJUDICE** Defendant York County Prison and Defendant Prime Care Medical;

6. The Court **DISMISS WITH PREJUDICE** Plaintiff's Eighth Amendment conditions of confinement claim as against all Defendants; and

7. The Court **DISMISS WITHOUT PREJUDICE** Plaintiff's Eighth Amendment denial of medical care claim as against Defendants Dr. Roberson, Physician's Assistant Catone, and Physician's Assistant Von Keil.

Finally, we recommended that the Court remand this case to the undersigned for further proceedings with respect to Plaintiff's Eighth Amendment denial of medical care claim. (Doc. 9).

Subsequently, on September 24, 2012, while our R&R was pending with the Court, Plaintiff filed a 5-page Amended Complaint. (Doc. 10). Plaintiff named only three Defendants in his Amended Complaint, namely, Philip Roberson, Toby Catone and Erik Von Keil. Plaintiff incorrectly indicated that his Amended Complaint was filed as against federal officials under 28 U.S.C. § 1331.[5]

---

[5]Plaintiff's Amended Complaint is not a *Bivens* civil rights action. *See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff's action does not fall within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United

On September 28, 2012, the Court issued an Order and rejected our Doc. 9 R&R as moot since Plaintiff filed an Amended Complaint which superceded his original Complaint. The Court also remanded this case to the undersigned for pre-trial matters. (Doc. 11).

On October 2, 2012, we issued an Order and granted Plaintiff 's *in forma pauperis* Motion and directed service of Plaintiff 's Amended Complaint on the three remaining Defendants. (Doc. 12). The Summons was issued and provided to the U.S. Marshal to serve Defendants.[6] Defendants were then served and counsel entered his appearance for Defendants. (Docs. 15-18).

On November 29, 2012, in response to Plaintiff 's Amended Complaint, all three Defendants jointly filed a Motion to Dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). **(Doc. 19).** Defendants simultaneously filed their support brief. (Doc. 20). On December 12, 2012, Plaintiff filed an answer to Defendants' Motion. (Doc. 21). On December 26, 2012, Plaintiff filed his opposition brief to Defendants' Motion. (Doc. 22). Defendants' Motion to Dismiss is ripe for disposition.

We now issue this R&R addressing Defendants' Motion to Dismiss Plaintiff 's Amended Complaint.

---

States." (Emphasis added). This case is not a *Bivens* action because Plaintiff does not seek monetary damages from federal officials for alleged violations of his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.). Rather, Plaintiff alleges that state officials employed by YCP violated his constitutional rights. Thus, Plaintiff 's case is a civil rights action under 42 U.S.C. §1983.

[6]The Defendants who were named in Plaintiff's original Complaint but not re-named in his Amended Complaint were terminated as parties in this case.

## II.  STANDARDS OF REVIEW.

### A.  42 U.S.C. § 1983

As indicated, despite Plaintiff stying his Amended Complaint as being filed as a civil rights action under §1331 against federal officials, we find that it is a §1983 civil rights action against state officials employed at YCP during March and April 2012.   In fact, in his Amended Complaint, Plaintiff states the three Defendants acted under color of state law.  (Doc. 10, p. 1, ¶ 5).

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").   "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

7

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state the time, place, and responsible persons involved. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode*, 845 F.2d at 1208.

As stated, Defendants filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 19).

8

*B.    MOTION TO DISMISS*

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court

stated:

> The Third Circuit Court of Appeals recently set out the appropriate
> standard applicable to a motion to dismiss in light of the United States
> Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433
> (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o
> survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true to 'state a claim that relief is plausible on its
> face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The
> Court emphasized that "only a complaint that states a plausible claim for
> relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued,
> "[d]etermining whether a complaint states a plausible claim for relief will
> ... be a context-specific task that requires the reviewing court to draw on
> its judicial experience and common sense." *Id.* (citation omitted).
> *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit
> Court discussed the effects of *Twombly* and *Iqbal* in detail and provided
> a road map for district courts presented with a motion to dismiss for
> failure to state a claim in a case filed just a week before *McTernan, Fowler
> v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and
> legal elements of a claim should be separated. The District Court must
> accept all of the complaint's well-pleaded facts as true, but may disregard
> any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court
> must then determine whether the facts alleged in the complaint are
> sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at
> 1950. In other words, a complaint must do more than allege a plaintiff's
> entitlement to relief. A complaint has to "show" such an entitlement with
> its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d
> Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-
> pleaded facts do not permit the court to infer more than the mere
> possibility of misconduct, the complaint has alleged-but it has not
> 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949.
> This "plausibility" determination will be "a context-specific task that
> requires the reviewing court to draw on its judicial experience and
> common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( quoting *Twombly*, 550 U.S. at 555) (not precedential).

## III.    ALLEGATIONS OF AMENDED COMPLAINT (DOC. 10).

In his Amended Complaint, Plaintiff states that he was incarcerated at YCP as a pre-trial detainee beginning on February 27, 2012.[7]  Plaintiff avers that on March 11, 2012, he slipped and fell in an area located near the showers at YCP, and injured his back as a result. (Doc. 10, p. 2). He alleges that due to his fall, he was moved to the medical unit in YCP and received an x-ray, but received no other treatment or medication. Plaintiff avers that he was returned to the general population at YCP on March 15, 2012. (*Id.*). Later, on March 18, 2012, Plaintiff was seen by Defendant PA Catone who allegedly informed Plaintiff that she forgot to prescribe him pain medication that he should have been taking. (Doc. 10, p. 2).

On April 12, 2012, Plaintiff avers that he received a response to a grievance he filed on

---

[7]In both his Amended Complaint (**Doc. 10**), Plaintiff  indicates that he was a pre-trial detainee at YCP when he allegedly slipped and fell down and injured his back. Even though Plaintiff was not a convicted person serving a sentence at the time in question, Plaintiff's constitutional claims are analyzed under the Eighth Amendment standard. *See Tapp v. Proto*, 718 F.Supp. 2d 598, 616 (E.D. Pa. 2010)(Court indicated that if the inmate is a pre-trial detainee, his cruel and unusual punishment claim falls under the Fourteenth Amendment, but the Eighth Amendment standard is utilized); *Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir. 2000)(quoting *Colburn v. Upper Darby Township*, 838 F.2d 663, 668 (3d Cir. 1988)(holding that a pretrial or even a pre-sentencing detainee claiming cruel and unusual punishment is governed by the Fourteenth, not the Eighth, Amendment, but that a pretrial detainee "is entitled 'at a minimum, [to] no less protection' than a sentenced inmate is entitled to under the Eighth Amendment").

March 12, 2012, regarding his slip and fall, and in this response, former Defendants Doll and McCoy "informed [Plaintiff] that his fall was due to [YCP's] showers spraying water beyond shower area onto the floor." (*Id.*). On April 18, 2012, Plaintiff avers that Defendant PA Von Keil informed him that he may have been suffering from a herniated disc due to his fall; however, Plaintiff states that no follow-up medical care was ordered. (Doc. 10, p. 2).

On April 20, 2012, Plaintiff alleges that after his legs gave out due to back pain while going down a flight of prison stairs, he fell. Plaintiff states that he was taken to York County Hospital, where he received a recommendation that he see a spine specialist; however, Plaintiff avers that "Defendants failed to act on this recommendation." (*Id.*).

On May 2, 2012, Plaintiff alleges that Defendant Dr. Robertson informed Plaintiff that he had been scheduled for an MRI, but Plaintiff alleges he never received the MRI. (*Id.*).

On June 12, 2012, Plaintiff avers that he was transferred to SCI-Camp Hill under the custody of the PA Department of Corrections ("DOC"), and that a prison physician stated that Plaintiff was most likely suffering a chronic back condition due to two herniated discs, and placed Plaintiff on two different types of pain medication. (*Id.*, p. 3). Plaintiff also avers that the prison physician SCI-Camp Hill placed him on bottom bunk status and, imposed work and sports restrictions on him. Plaintiff states that he was recently prescribed another medication, Robaxin, by the DOC medical staff. (*Id.*).

Plaintiff avers that from March 15, 2012 through April 20, 2012, he submitted many sick call requests at YCP and that he was seen by Defendants PA Catone and PA Von Keil. He states that he complained to these Defendants about his back pain and numbness and weakness in

both legs, as well as difficulty in moving up and down the stairs at YCP. Plaintiff states that despite he complaints about difficulty in going up and down the stairs at YCP, neither Catone nor Von Keil acted upon his notification and restricted him from using the stairs. As a result, Plaintiff avers that he fell down the stairs in the April 20, 2012 accident. (Id.).

Plaintiff again concludes his statement of claim, as he did in his original Complaint, by alleging that he had no medical problems prior to his confinement at YCP, and that he "now has continued pain and suffering, and disabilities which effect his daily life activities." (Id.).

Based on these alleged facts, Plaintiff asserts Eighth Amendment denial of medical care claims against the three medical Defendants for failing to provide him with proper medical treatment after his March 11, 2012 fall at YCP and, against the two PA Defendants for failure to order him restricted from using the stairs which lead to his unspecified further injury when he fell down the stairs on April 20, 2012. (Id., p. 4). Plaintiff again indicates that he exhausted his administrative remedies at YCP regarding his claims but he now states that he did not receive a response to his final appeal filed on May 2, 2012.[8] (Id., p. 3).

As relief, Plaintiff again only requests monetary damages against Defendants, namely $4000,000.00 in compensatory damages. (Id., p. 4). Plaintiff now correctly states that he sues the three state actors Defendants in only their individual capacities. (Id., p. 1). As we previously stated, Plaintiff cannot seek monetary damages from the state actor Defendants in their official capacities.

---

[8]Thus, Plaintiff indicates in his Amended Complaint that he filed a grievance at YCP regarding his instant claims and appeals but that he was not able to fully exhaust his administrative remedies due to a lack of response to his final appeal.

As mentioned, Plaintiff seeks specific amounts of compensatory damages against Defendants. (Id., p. 4). Plaintiff's request for a specific amount of monetary damages should be stricken. Since Plaintiff seeks unliquidated damages, he cannot claim specific sums of relief. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's requests for specific monetary damages should be stricken from his Amended Complaint. See Stuckey v. Ross, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure; Said v. Donate, Civil No. 07-1550, M.D. Pa.

**IV. DISCUSSION.**

Based on the foregoing facts, Plaintiff alleges that the three medical Defendants violated his Eighth Amendment rights to adequate medical care after his March 11, 2012 fall at YCP, and that the two PA Defendants failed to restrict him from using the stairs which caused his April 20, 2012 fall. In particular, Plaintiff alleges that Defendants violated his Eighth Amendment right to proper medical care for his back injury he sustained in his March 11, 2012 fall at YCP, claiming that the care he received was inadequate because he did not receive pain medication, follow-up visits, a spine specialist consult, and a scheduled MRI.

Initially, we will recommend that the Court dismiss with prejudice Plaintiff's claim that the two PA Defendants, Catone and Von Keil, failed to restrict him from using the stairs which caused his April 20, 2012 fall. We agree with Defendants and find that this claim amounts only to negligence and, that Plaintiff does not sufficiently allege that the two PA Defendants were deliberately indifferent to his serious medical condition by failing to restrict his use of the prison stairs.

13

As mentioned, Plaintiff was a pre-trial detainee at YCP during the relevant times of this case.

In *Tapp v. Proto*, 718 F.Supp. 2d 598, 616 (E.D. Pa. 2010), the Court stated that since the Plaintiff inmate was a pretrial detainee at the prison, his constitutional claims regarding the conditions of confinement and denial of proper medical care fell under the Fourteenth Amendment Due Process Clause. (citations omitted). Thus, since Plaintiff West was a pretrial detainee at YCP during the time his denial of proper medical care claims arose, his claims should be examined under the Fourteenth Amendment's due process standard. *Id*. at 621-22; *Brown v. Deparlos*, 2011 WL 1158289, *4 (M.D. Pa. 3-28-11)(Court held that if Plaintiff inmate was a pretrial detainee, his constitutional claims had to be considered under the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment)(citations omitted). As the *Tapp* Court stated, "most Third Circuit decisions analyzing pretrial detainee claims of inadequate medical care have used the Supreme Court's Eighth Amendment rubric set forth in *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S.Ct. 285 (1976)."(footnote omitted). 718 F.Supp. 2d at 622; *Brown*, 2011 WL 1158289, *4. Thus, as in *Tapp* and *Brown*, we analyze Plaintiff West's Fourteenth Amendment claims of improper medical care under the Eighth Amendment standard used to evaluate such claims.

In *Brown v. U.S.*, 2010 WL 936241, *10 (M.D. Pa. March 12, 2010), the Court stated:

> The Eighth Amendment to the United States Constitution states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend VIII. Accordingly, the Eighth Amendment protects inmates from "unnecessary and wanton infliction of pain." *Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir.2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (citations and internal

quotations omitted)). To maintain an Eighth Amendment claim of cruel and unusual punishment against a prison official, a plaintiff must establish that the official acted with "deliberate indifference." *Farmer v. Brennan,* 511 U.S. 825, 832-34, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Accordingly, "the plaintiff has the burden to show that defendant knew of, and disregarded, an excessive risk to his health or safety." *Davis v. Muscarella,* 615 F.Supp.2d 296, 301 (D.Del.2009) (citing *Beers-Capitol v. Whetzel,* 256 F.3d 120, 133 (3d Cir.2001) (citations omitted)). "The knowledge requirement is subjective, 'meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware.' " *Davis,* 615 F.Supp.2d. at 301 (quoting *Farmer,* 511 U.S. at 841).

The *Brown* Court, 2010 WL 936241, *12, also stated:

"[t]he test for whether a prison official was deliberately indifferent is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer,* 511 U.S. at 841. "The official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

As stated, we find that Plaintiff's allegations against the two PA Defendants Catone and Von Keil, failed to restrict him from using the stairs which caused his April 20, 2012 fall only amount to a negligence claim. Plaintiff has clearly not alleged that PA Defendants Catone and Von Keil were deliberately indifferent to his safety and that these Defendants failed to act despite knowing Plaintiff faced a substantial risk of harm in walking up and down the prison steps. We find that Plaintiff has failed to state that PA Defendants Catone and Von Keil acted with a sufficiently culpable state of mind with respect to his stated Eighth Amendment claim against them. Plaintiff has failed to allege that PA Defendants Catone and Von Keil knew of and disregarded any excessive risk to him by not restricting him from using the YCP steps, and that these Defendants were aware of facts from such an inference could be drawn.

15

Moreover, mere negligence, which Plaintiff has alleged against PA Defendants Catone and Von Keil with respect to his claim that they failed to restrict him from using the stairs which caused his April 20, 2012 fall, is not sufficient to state a constitutional claim. In *Whitely v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986), the Supreme Court stated that "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize[s] that conduct prohibited by the Cruel and Unusual Punishment clause, ... ." We find that Plaintiff's allegations that PA Defendants Catone and Von Keil failed to restrict him from using the stairs which caused his April 20, 2012 fall only show these Defendants may have made an error in judgment in failing to restrict his use of the prison steps.

Furthermore, in *Caldwell v Beard*, 324 Fed.Appx. 186, 188 (3d Cir. April 27, 2009), the Third Circuit Court of Appeals stated, "[c]laims of negligence, without a more culpable state of mind, do not constitute 'deliberate indifference.' *See Singletary v. Pa. Dept. Of Corr.*, 266 F.3d 186, 193 n. 2 (3d Cir.2001)." Thus, since we find that Plaintiff's claim alleging that PA Defendants Catone and Von Keil Defendants failed to restrict him from using the prison stairs amounts only to negligence, this claim is not actionable under § 1983.

Thus, we will recommend that Defendants' Motion to Dismiss Plaintiff's Amended Complaint with respect to Plaintiff's claim that PA Defendants Catone and Von Keil failed to restrict him from using the prison stairs be granted. We will recommend that the Court dismiss this claim be with prejudice since Plaintiff was already granted leave to amend his original pleading and since we now find that allowing Plaintiff leave to amend his pleading a second time as to the stated negligence claim is futile and unduly prejudicial to Defendants. *Grayson*

*v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002) (The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it would be futile.).

We now consider Plaintiff 's Eighth Amendment claims that the three Defendants failed to provide him with proper medical care after his March 11, 2012 slip and fall at YCP, and after his April 20, 2012 fall down the stairs at YCP. Plaintiff alleges that Defendants failed to give him proper evacuation as to the cause of his back injury, numbness and weakness in both legs after his March 11, 2012 fall. Further, Plaintiff alleges that Defendants failed to provide him with a consult by a spine specialist which was recommended by the York Hospital after his April 20, 2012 fall down the stairs at YCP. Plaintiff also alleges that Defendants failed to give him the MRI which he was told on May 2, 2012, was scheduled for him. As stated, Plaintiff was transferred from YCP to state prison on June 12, 2012. Based on the allegations of Plaintiff's Amended Complaint detailed above, we agree with Plaintiff that he has sufficiently stated Eighth Amendment claims against the three Defendants that he did not receive proper medical care after his March 11, 2012 slip and fall at YCP and, after his April 20, 2012 fall down the stairs at YCP.

As mentioned, in his Amended Complaint, Plaintiff alleges that Defendants Dr. Roberson, PA Catone, and PA Von Keil violated his Eighth Amendment right to proper medical care for his back injury and herniated disc(s) sustained his March 11, 2012 fall at YCP. He avers that Dr. Roberson ordered an MRI, and that he never received the MRI. With regards to

17

Defendant PA Catone, he avers that Catone told him she forgot to order pain medicine Plaintiff should have been receiving. Lastly, with regards to Defendant PA Von Keil, Plaintiff avers that Von Keil informed him that he may have a herniated disc from his fall but that Von Keil did not provide any follow-up care. Also, Plaintiff avers that about five weeks after he fell on the wet floor in the shower area and injured his back, he fell down the steps at YCP due to his back pain. Plaintiff states that when he was treated at York County Hospital for his injuries after his fall down the steps, it was recommended that he receive a spine specialist consult for his back. Plaintiff states that Defendants failed to act on this recommendation. Plaintiff states that after he was transferred to SCI-Camp Hill, the prison doctor told him he probably had two herniated discs and was suffering from a chronic back condition. Plaintiff states that he was prescribed two types of pain medication SCI-Camp Hill prison doctor. Plaintiff further avers that due to the failure to properly treat him at YCP, he now suffers from continued pain and disabilities which effect his daily life activities.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Iseley v. Beard*, 2009 WL 1675731, *7 (M.D. Pa.)(citing *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). In order to successfully raise an Eighth Amendment denial of medical care claim, a plaintiff inmate must allege that the defendant was deliberately indifferent to plaintiff's serious medical needs. *Williams v. Klem*, 2008 WL 4453100, *7 (M.D. Pa.) (quoting *Monmouth Cty. Corre. Inst. Inmates v. Lanzaro*, 834 F. 2d 326, 346 (3d Cir. 1987)).

According to the Court in *Iseley v. Beard*, a prison official acts with deliberate

indifference to an inmate's serious medical needs when "he knows of and disregards an excessive risk to inmate health or safety." 2009 WL 1675731, *7 (M.D. Pa.) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). According to the Supreme Court in *Estelle*, negligently diagnosing or treating a medical condition does not amount to an Eighth Amendment violation of an inmate's right to medical care/ treatment. *Estelle*, 429 U.S. at 106.

Furthermore, the *Williams* Court stated:

A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. . . [I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment.

2008 WL 4453100, *7 (M.D. Pa.)(citing *Monmouth Ct. Corr. Inst. Inmates*, 834 F.2d at 347); see also *Young v. Kazmerski*, 266 Fed. Appx. 191, 193 (3d Cir. 2008).

Additionally, according to the Court in *Robinson v. U.S.*, 2010 WL 1254277, *14 (M.D. Pa.):

This [Eighth Amendment ] test "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment ... which remains a question of sound professional judgment." *Little v. Lycoming County*, 912 F.Supp. 809, 815 (M.D.Pa.1996) (*citing Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.1979)) (*quoting Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir.1977)). When an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist. *Nottingham v. Peoria*, 709 F.Supp. 542, 547 (M.D.Pa.1988). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Lanzaro*, 834 F.2d at 346. Only flagrantly egregious acts or omissions can violate the standard. Medical

negligence alone cannot result in an Eighth Amendment violation, nor can any disagreements over the professional judgment of a health care provider. *White v. Napolean*, 897 F.2d 103, 108-10 (3d Cir.1990).

We find that Plaintiff has sufficiently alleged the personal involvement with respect to his Eighth Amendment denial of medical care claims as against the three medical Defendants, namely, Dr. Roberson, PA Catone, and PA Von Keil. We will recommend that Plaintiff's Eighth Amendment denial of medical care claims be allowed to proceed as against Defendants Roberson, Catone, and Von Keil. We find that Plaintiff has now properly alleged that these Defendants acted with deliberate indifference to a serious medical need. We will recommend that Defendants' Motion to Dismiss Plaintiff's Amended Complaint be denied with respect to Plaintiff's Eighth Amendment claims against the three Defendants that he did not receive proper medical care after his March 11, 2012 slip and fall at YCP, and after his April 20, 2012 fall down the stairs at YCP.

## V. RECOMMENDATION.

Based on the foregoing discussion, we respectfully recommend that:

1. The Court **GRANT, IN PART, AND DENY, IN PART**, Defendants' Motion to Dismiss Plaintiff's Amended Complaint **(Doc. 19)**;

2. The Court **DISMISS WITH PREJUDICE** Plaintiff's claim that PA Defendants Catone and Von Keil failed to restrict him from using the prison stairs at YCP;

3. The Court **ALLOW TO PROCEED** Plaintiff's Eighth Amendment claims against the three Defendants that he did not receive proper medical care after his March 11, 2012 slip and fall at YCP, and after his April 20, 2012 fall down the stairs at YCP;

20

4. The Court strike Plaintiff's requests for specific monetary damages from his Amended Complaint; and

5. The Court remand this case to the undersigned for further proceedings with respect to Plaintiff's Eighth Amendment denial of medical care claims.


**THOMAS M. BLEWITT**
**United States Magistrate Judge**


Dated: April 19 , 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ISRAEL WEST,                         :    CIVIL ACTION NO. **1:12-CV-1564**
                                     :
                    Plaintiff        :    (Judge Caldwell)
                                     :
               v.                    :    (Magistrate Judge Blewitt)
                                     :
PHILIP ROBERSON, et al.,             :
                                     :
                    Defendants       :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **April** /9, **2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule

72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A judge shall
> make a de novo determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the magistrate judge,
> making his or her own determination on the basis
> of that record. The judge may also receive further evidence, recall
> witnesses or recommit the matter to the magistrate judge with instructions.

Failure to timely file objections to the foregoing Report and Recommendation

may constitute a waiver of appellate rights.


s/ Thomas M. Blewitt
THOMAS M. BLEWITT
United States Magistrate Judge


Dated: April/ 9 , 2013